IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUIMTEC, L.P. | § | |
| | § | |
| vs. | § | C. A. NO. H – 13 – 1882 |
| | § | ADMIRALTY |
| DOLE OCEAN CARGO EXPRESS, | § | |
| INC. | § | |

*ORIGINAL COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Quimtec, L.P. files this Original Complaint against Defendant Dole Ocean Cargo Express, Inc., *in personam*, and respectfully will prove by a preponderance of the credible evidence:

1. This action arises from damage and loss to a maritime cargo, a maritime tort and/or breach of a maritime contract. Accordingly, the Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. §1333(1).

2. Plaintiff is a Texas limited partnership with its principal place of business in Houston. At all times material, Plaintiff owned a cargo of synthetic resin (the "cargo").

3. Defendant is a foreign corporation not authorized to do business in Texas but, at all times material, did business in Texas by engaging in business as a common carrier of goods by water for hire and/or a Non–Vessel Operating Common

Carrier ("NVOCC"), consolidating various cargos, arranging for their ocean carriage, issuing to shippers bills of lading for ocean transport of cargos, entering into charter parties, booking notes, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, booking notes, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas and/or by committing torts in Texas, each of which constitutes doing business in Texas in accordance with § 17.042 of the Texas Civil Practice & Remedies Code.  Defendant is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas.  Alternatively, although Defendant may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and Defendant has sufficient national minimum contacts with the United States as a whole.  The exercise of personal jurisdiction over Defendant is consistent with the Constitutions and other laws of the United States and Texas.  Accordingly, serving Defendant with a summons is effective to establish personal jurisdiction over it.  Defendant can be served by serving the Texas Secretary of State.  Process or notice can be sent to Defendant in care of its registered agent, The Corporation Trust Company of Nevada, 311 S. Division St., Carson City, Nevada 89703.

  4. On or before October 8, 2012 and in consideration of freight paid or agreed to be paid, Defendant promised Plaintiff safely to (a) receive at La Porte, Texas; (b) carry over the road to Freeport, Texas; (c) load, stow, secure at Freeport

and carry aboard the M/V ANTARES J; (d) discharge from the M/V ANTARES J at Puerto Cortes, Honduras; and (e) carry over the road to Tegucigalpa, Honduras and there deliver to Plaintiff's consignee the cargo in the same good order and condition as when received.

5. On or about October 8, 2012, Plaintiff tendered the cargo in good order and condition to Defendant at La Porte. Defendant acknowledged receipt of the cargo at La Porte in good order and condition and, accordingly therewith, issued Bill of Lading No. DOLQ FRP M5876HN free of exceptions or other notations for loss or damage.

6. Thereafter, Defendant wholly failed to deliver the cargo or explain its whereabouts. The non–delivery and loss proximately resulted from Defendant's act(s) and/or omission(s) constituting failure and/or refusal to comply with Plaintiff's express and/or implied instructions, conversion, negligence, breach of contract, unreasonable and/or material breach of and/or deviation from contract, breach of bailment, willful misconduct and/or violation of the statutory and/or regulatory duties of a NVOCC and/or common carrier of goods by water for hire.

7. Plaintiff legally is entitled to recover from Defendant the amount of the cargo's actual loss. The sum of $39,154.00, plus all reasonable and necessary incidental damages, if paid now in cash to Plaintiff, fairly and reasonably would compensate it for the actual loss to the cargo proximately resulting from Defendant's acts and/or omissions. Plaintiff also legally is entitled to recover interest on its

damages dating from October 8, 2012, post–judgment interest and costs of court incurred.

8.    At all times material, Plaintiff owned the cargo and/or brings this action for itself and/or as agent and/or trustee for all persons or entities, including any insurer(s), that are or become interested in the cargo.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Quimtec, L.P. prays that this Honorable Court adjudge that Defendant Dole Ocean Cargo Express, Inc. is liable to Plaintiff for its damages, pre–judgment interest, post–judgment interest, court costs and all other relief as justice and equity allow.

Respectfully submitted,

*SHARPE & OLIVER, L.L.P.*

By _____
R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889
550 Westcott, Suite 230
Houston, Texas 77007–5096
Telephone:    (713) 864–2221
Facsimile:    (713) 864–2228

OF COUNSEL:

Robert C. Oliver
State Bar No. 15255700
S. D. Texas No. 886

ATTORNEYS FOR PLAINTIFF